**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TRADEWIND PRODUCTS, INC., a Delaware corporation; dba YOUCANSAVE.COM,<br><br>    Plaintiff,<br><br>vs.<br><br>HARTFORD FIRE INSURANCE COMPANY, a Connecticut corporation; and HARTFORD CASUALTY INSURANCE COMPANY, an Indiana corporation,<br><br>    Defendants. | Case No.: CV 06-05201 CAS (FFMx)<br>[Honorable Christina A. Snyder, District Judge, Courtroom 5]<br><br>**STIPULATED PROTECTIVE ORDER** |

Tradewind Products, Inc. ("Tradewind"), Hartford Fire Insurance Company and Hartford Casualty Insurance Company (collectively "Hartford") hereby enter into the following stipulated protective order (the "Order") to govern certain materials or information produced, exchanged or provided in the instant case, *Tradewind Products, Inc. v. Hartford Fire Insurance Company, et al.*, United

1  States District Court, Central District of California Case No. 06-CV-05201 CAS
2  (FFMx) (the "Litigation"), as set forth below.
3  **A.     PURPOSE OF STIPULATED PROTECTIVE ORDER**
4           The purpose of this Stipulated Protective Order is to protect Tradewind and
5  Hartford (collectively, the "Parties") from commercial injury that might result if
6  confidential information is used outside of the context of this litigation. The
7  purpose of this Stipulated Protective Order is not to impair Tradewind and
8  Hartford's access or use of discoverable information, but in acknowledgement of
9  the unpredictable nature of litigation which precludes the parties from accurately
10 predicting what information will be sought in discovery.  Given the
11 unpredictability of litigation, this Stipulated Protective Agreement is intentionally
12 drafted broadly to address the unknown.
13          Although the Parties cannot accurately predict all the issues that will arise
14 in the above-captioned action, they have agreed to this Stipulated Protective Order
15 to prevent the disclosure of commercially sensitive information which might
16 adversely impact the parties' ability to compete in their respective markets.
17 Inasmuch as Tradewind claims that Hartford breached its contractual duty to
18 defend Tradewind, Tradewind may seek discovery of information regarding
19 Hartford's internal procedures for determining whether it has a duty to defend
20 suits involving insureds.  For example, in this action Tradewind has requested that
21 Hartford produce:
22          written policies, manuals, or other written communications setting
23          forth YOUR practices, procedures, and/or policies in effect at any
24          time between January 1, 2000 and the present regarding the handling
25          of claims for a defense under CGL policies issued by YOU to insureds
26          in California.
27 As an insurance company, Hartford is part of a highly regulated and extremely
28 competitive market.  Hartford has developed policies, systems, databases, records

and procedures for, among other things, pricing its products, handling claims, estimating risk, complying with regulations, and estimating the value of claims. These policies, systems, databases, records and procedures give Hartford a competitive advantage in the market, which advantage would be prejudiced if these policies, systems, databases, records and procedures were publicly disclosed. Hartford takes steps to protect these policies, systems, databases, records and procedures.

**B.     DEFINITIONS**

The following words are defined terms in this Order:

1. The term "Document(s)" should be broadly construed to include any writings, recordings or photographs as defined in Federal Rule of Evidence 1001, as well as any letter, report, correspondence, note, file folder, book, article, memorandum, diary, paper, film or microfilm, videotape, drawing, bank statement credit card statement, deposit slip, or other writing. The term "Document(s)" specifically includes any computer-generated or computer-stored note, record, data, memorandum, diary, correspondence, letter, report, or other writing.

2. "Confidential Discovery Materials" means Documents, as defined above; deposition testimony taken in this action, exhibits thereto and/or transcripts thereof, whether in written, audio-visual tape or computerized format; and responses to interrogatories, requests for admissions, or requests for production of documents served in this action, which the Parties have not previously publicly disclosed because the Parties derive a competitive advantage by maintaining the confidentiality of the information and which:

   a. Refer to, relate to, and/or constitute Hartford's Claim File(s) related to Tradewind's claim for a defense in the underlying Guthy-Renker Litigation;

   b. Refer to, relate to, and/or constitute Hartford's written policies, manuals, or other written communications setting forth its

    practices, procedures, and/or policies in effect at any time between January 1, 2000 and the present regarding the handling of claims for a defense under its CGL policies issued to its insureds in California;

  c. Refer to, relate to, and/or constitute Hartford's underwriting file(s) with respect to Tradewind;

  d. Refer to, relate to, and/or constitute Hartford's coverage counsel's files related to Tradewind's claim for a defense against the underlying Guthy-Renker Litigation.[1]

3. "Guthy-Renker Litigation" means the lawsuit entitled *Guthy-Renker Corporation v. Tradewind Products, Inc., et al.*, filed in the United States District Court, Central District of California, and assigned Case No. 03-02035 GHK (RZx),

## C.  DISCOVERY TO PARTIES IN THIS ACTION

1. The parties stipulate that the Confidential Discovery Materials contain sensitive information which may include, but shall not be limited to, trade secrets, research, development, commercial proprietary, financial or other sensitive information.

2. Any attorney of record may designate materials as Confidential Discovery Materials by so marking them at the time they are produced, exchanged, or provided.  Documents may also be designated as Confidential Discovery Materials by identifying them by Bates number in correspondence copied to all counsel at the time such documents are produced, exchanged or provided.

3. Except by court order, Confidential Discovery Materials shall not be used outside this Litigation by any party (other than the producing party) for any purpose, including without limitation, other litigation or business or commercial

---

[1] The fact that a particular category of document has been referred to herein shall not be construed as and shall not constitute a waiver of any applicable objection, privilege or privacy right, including but not limited to the attorney-client and/or work product privileges.

purpose(s).

4. The parties acknowledge that certain Documents have been produced in the Litigation prior to the execution of this Order. Any party wishing to designate any previously-produced Documents as Confidential Discovery Materials shall have 30 days from entry of this Order by the Court to identify such Documents by Bates number in correspondence copied to all counsel.

5. In the case of deposition testimony, any party may designate testimony by any witness as Confidential Discovery Materials at the time of the deposition or by written notice to all counsel of record within 14 days after receipt of the written transcript. The parties may, at any time after the periods set forth herein, designate as Confidential Discovery Materials any Documents, testimony, or written discovery by agreement of the parties or upon leave of the Court. Any receiving party has the right to challenge any designation under the procedures set forth below.

6. Any Discovery Materials or information designated as Confidential Discovery Materials may be disclosed by the receiving party only to the following persons, and may be used only for a purpose related to this Litigation, without providing a copy of this Order to the person or having them execute the attached "Certification":

    a. The attorneys of record for the parties in this Litigation, and others employed by them;

    b. The Court and Court personnel;

    c. Persons to whom Confidential Discovery Materials were otherwise lawfully available outside of this Litigation such as third-party authors or recipients;

    d. Officers, directors, attorneys, and employees of the sending or receiving party to whom it is necessary that the Documents be shown for purposes of this Litigation;

   e. Reinsurers, retrocessionaires and auditors of any party;

   f. Court reporters in this Litigation;

   g. Employees of copying or document management service used by any party with respect to the prosecution or defense of this action.

7. Any Discovery Materials or information designated or marked as Confidential Discovery Material may be disclosed by the receiving party to the following persons, and may be used only for a purpose related to this Litigation, only upon providing the person with a copy of this Order, and obtaining from that person his or her agreement to abide by its terms, expressed by signing a copy of the attached "Certification":

   a. Independent experts and consultants and their employees;

   b. Witnesses or potential witnesses in this action who are not employed by a party;

   c. Such other persons as are designated by the producing party and agreed to by all other parties in writing or by Court order.

8. The parties may agree in writing or on the record, without further order of this Court, to allow disclosure of Confidential Discovery Material to an individual who otherwise would not be authorized to receive such Documents or information hereunder.

9. Confidential Discovery Material presented to the Court shall be provided under a caption, labeled "CONFIDENTAL INFORMATION SUBJECT TO PROTECTIVE ORDER OF THIS COURT," and lodged or filed, if lodged or filed at all, in compliance with Local Rule 79-5 et seq., or as the Court may otherwise direct.

10. Counsel of record for any party may at any time serve a written notice upon all other counsel of record (a) objecting to a designation of Confidential Discovery Material, (b) proposing to disclose Confidential Discovery Material to

an individual whom such disclosure is not authorized by this Order, or (c) proposing to designate as Confidential Discovery Material any material which the other party inadvertently failed to so label.  The parties shall attempt within 21 calendar days from the other parties' receipt of such notice to resolve in good faith any dispute concerning (a), (b) or (c).  If the attempt is unsuccessful, such party may move for an order changing the designation of the Documents or materials at issue and/or authorizing the disclosure of Confidential Discovery Material to a specific person not otherwise so authorized herein.  The procedures set forth in this paragraph are not intended to, and do not, displace any local rules regarding discovery motions.  Rather, the procedures set forth in this paragraph are in addition to any applicable local rules regarding discovery motions.

11.     If any dispute arising under paragraph 10 is submitted to the Court, the party seeking to designate the material as Confidential Discovery Material or seeking to disclose Confidential Discovery Material to an unauthorized person shall have the burden of demonstrating good cause for such confidential designation or disclosure.  The Court shall make an independent determination as to whether any disputed information is to be protected from public disclosure or whether the confidential information may be shown to the proposed person.  This Order shall not alter the burden of proof as to any issues.

12.     This Order shall continue to apply to the Documents, Confidential Discovery Materials, motion papers, memoranda of law, briefs or other pleadings retained by any party after final termination of this action, by judgment or otherwise.

13.     This Order shall not affect any party's right to object to the use in this Litigation of any Documents, Confidential Discovery Materials, testimony, or information on any ground. Furthermore, this Order shall not affect any party's use of its own Documents or any Documents not marked as Confidential Discovery Material in any manner permitted by law. Finally, consent to and entry of this

Order shall not restrict the right of any party to file an application for an order seeking modification of this Order or further protection.

14. Neither this Order nor the designation of any material as Confidential Discovery Material shall constitute an admission or acknowledgment by any party that any such material is, in fact, confidential, proprietary, or otherwise protectable. The fact that materials have been designated Confidential Discovery Material shall in no way prejudice the right of any party to contest the confidential or proprietary nature of any such material at the time of trial or otherwise.

15. The court shall determine at the time of trial what legend, if any, shall be permitted to appear on exhibits to be shown to the jury.

16. This Order shall not prejudice or affect any party's right to object to the authenticity or admissibility of any evidence at the time of trial.

**D.    DISCOVERY INVOLVING THIRD PARTIES**

1. The parties might contend that they have confidential or other significant relationships with certain third parties from whom books, documents or tangible things might be subpoenaed such that they contend they would be entitled to file motions for protective order with respect to the third party document subpoenas.  This stipulation is intended to avoid the need for such motions. However, no party, by entering into this stipulation, waives its right to later file appropriate motions with respect to any third party document subpoena, and all parties expressly reserve their rights to file such motions.

2. Prior to the production of books, documents or tangible things responsive to any and all third party document subpoenas served in this matter, the party(ies) that contends it has a confidential or other significant relationship with the subpoenaed third party will have an opportunity to review said books, documents or tangible things for the purpose of designating same as Confidential Discovery Material, as set forth herein.

3. In connection with any and all third party document subpoenas served

8
STIPULATED PROTECTIVE ORDER
06-CV-05201 CAS (FFMx)

in this matter, the party(ies) that contends it has a confidential or other significant relationship with the subpoenaed third party may designate any Document, thing, material or other information derived therefrom, as "CONFIDENTIAL" according to the terms of this stipulation, and such Document shall be treated in accordance with the procedures described in Section B above.

4. Nothing in this Stipulated Protective Order shall be construed to limit (1) the rights of litigants in other actions to serve discovery requests on the Parties; or (2) the subpoena power of another court. However, if any person or party having possession, custody, or control of any Confidential Information or Material receives a subpoena or other process to produce Confidential Information or Material, he/she/it will promptly:

(a) Notify in writing all attorneys of record;

(b) Furnish those attorneys with a copy of the subpoena or other process; and

(c) If the party asserting confidentiality makes a motion to quash or modify the subpoena or other process, there will be no disclosure until the Court has ruled on the motion, and then only in accordance with the ruling. If no motion is made despite a reasonable opportunity to do so, the person or party receiving the subpoena or other process will be entitled to comply with it if the person or party has fulfilled its obligations under this Protective Order. Notwithstanding the foregoing provisions of this paragraph, nothing in this paragraph shall require any person or party to violate any law.

**E. RETURN OR DESTRUCTION OF CONFIDENTIAL DISCOVERY MATERIAL**

1. At the conclusion of this action, all Confidential Discovery Material will, on written request of the party furnishing the information:

(a) Be delivered to the party that furnished the Confidential Discovery Materials within thirty (30) days after request is

1                 made; or

2      (b)    Be destroyed, in which event counsel for the party in possession of Confidential Discovery Materials shall, within thirty (30) days after request is made by the party furnishing such information, certify in writing to the party furnishing the information that such party's Confidential Discovery Materials have in fact been destroyed.

IT IS SO ORDERED.

Date: March 23, 2009

/ S /FREDERICK F. MUMM
_____
FREDERICK F. MUMM
United States Magistrate Judge

# **CERTIFICATE FOR STIPULATED PROTECTIVE ORDER**

I, _____, hereby certify that I have been given a copy of and have carefully read the attached Stipulated Protective Order ("Order"), and that I fully understand the terms of the Order. I recognize that I am bound by the terms of the Order, and I agree to comply with those terms.

I understand that I am not to use or disclose to others Confidential Discovery Material or any copies, notes or other records that may be made regarding Confidential Discovery Material, except in conformance with the Order. I agree not to disclose Confidential Discovery Material to any person who has not agreed to be bound by the Order.

I agree to immediately return all Confidential Discovery Material and any copies, notes or other records that may be made regarding such Confidential Discovery Material to the attorney who provided it to me upon request.

I agree that this Order shall be governed by the laws of the State of California and that this Court shall retain jurisdiction to enforce this Order.

Signature:_____

Print Name:_____

Date:_____